SHEILA E. KATZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Katz v. Commissioner
Docket No. 14651-91
United States Tax Court
T.C. Memo 1992-166; 1992 Tax Ct. Memo LEXIS 173; 63 T.C.M. (CCH) 2476; March 23, 1992, Filed *173 Samuel J. Ianacone, Jr., for petitioner. Matthew I. Root, for respondent. PARR
PARR
MEMORANDUM OPINION PARR, Judge: This matter is before us on respondent's motion for partial summary judgment with respect to the issue of whether petitioner is entitled to innocent spouse relief during the years in issue pursuant to section 6013(e). [1]
Background
In her petition, petitioner states the following in support of her case: On said returns, there was a substantial understatement of tax attributable solely to the failure of the Petitioner's husband, Jeffrey A. Katz, to report as income certain funds which Jeffrey A. Katz admittedly embezzled from St. Joseph's Hospital.
In respondent's answer, she alleged the following: (a) At the time of the signing and filing of the petitioner's and Jeffrey Katz's *174 income tax returns for the taxable years 1984, 1985, 1986, 1987 and 1988 the petitioner knew, or had reason to know of the omissions from gross income; (b) The petitioner significantly benefited directly or indirectly from the taxable income omitted from the gross income as reported on the petitioner's and Jeffrey Katz's 1984, 1985, 1986, 1987 and 1988 income tax returns. (c) It is not inequitable to hold petitioner liable for the deficiencies in tax and additions to the tax for the taxable years 1984, 1985, 1986, 1987 and 1988.
Pursuant to Rule 37(c) respondent moved to have the undenied allegations in her answer deemed admitted. After receiving respondent's motion, we served petitioner with notice of respondent's motion. The notice provided: You are hereby notified that the respondent on October 24, 1991, filed a motion in the above-entitled case for an order that the specified affirmative allegations in the answer be deemed admitted. If petitioner files a reply as required by Rule 37(a) and (b) of this Court's rules on or before November 14, 1991, respondent's motion will be denied. If petitioner does not file a reply as directed herein, the Court will grant respondent's *175 motion and deem admitted for purposes of this case the affirmative allegations in the answer.
Petitioner never responded to respondent's allegations or our notice. We granted respondent's motion and deemed admitted the allegations in respondent's answer. Subsequently, respondent filed her motion for partial summary judgment with respect to the issue of petitioner's entitlement to innocent spouse relief pursuant to section 6013(e). Discussion
Rule 121(b) provides that a motion for summary judgment shall be granted "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The Rule further provides that "partial summary adjudication may be made which does not dispose of all issues in the case." See ; . The moving party bears the burden of proving that no genuine issue as to any material fact exists, and that he is entitled to judgment on the *176 substantive issues as a matter of law. In deciding whether to grant summary judgment, we view the factual material and inferences drawn therefrom in the light most favorable to the opposing party. ; However, the party opposing summary judgment may not simply rest upon the mere allegations and denials of his pleadings; his response, by affidavit or otherwise, must set forth specific facts showing the existence of a genuine issue for trial. Rule 121(d); . Rule 121(d) provides further that in the event the adverse (nonmoving) party does not respond to the motion for summary judgment as provided in Rule 121, then the Court may enter a decision, if appropriate, against the nonmoving party. Petitioner has not responded to the motion for summary judgment. We must decide whether partial summary judgment is appropriate in this case. A husband and wife who file a joint return are jointly and severally liable for the tax due. Sec. 6013(d)(3). However, *177 under section 6013(e)(1), a spouse is relieved of liability if he or she proves the following: (A) That a joint return has been made for a taxable year; (B) that on such return there is a substantial understatement of tax attributable to grossly erroneous items which are not those of the spouse to be relieved; (C) that he or she did not know, and had no reason to know, of such substantial understatement when he or she signed the return; and (D) that after consideration of all the facts and circumstances, it would be inequitable to hold him or her liable for the deficiency in income tax attributable to such substantial understatement. . The spouse claiming entitlement to innocent spouse relief has the burden of proving that each statutory requirement of section 6013(e) is satisfied; a failure to prove any one of the statutory elements will prevent such spouse from qualifying for relief. Rule 142(a); . The facts deemed admitted clearly preclude recovery as an innocent spouse under sections 6013(e)(1)(C) and (D). See *178 Accordingly, there is no genuine issue as to any material fact and a decision precluding innocent spouse relief will be rendered as a matter of law. Rule 121(b). Respondent's motion for partial summary judgment will be granted. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩